# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KING, an individual, | CASE NO. 1:09-cv-02128-LJO-SMS |
| Plaintiff, | |
| v. | ORDER STRIKING ANSWER AND DIRECTING DEFENDANT EMERALD ENERGY, LLC, TO RETAIN COUNSEL |
| EMERALD ENERGY, LLC, a Delaware company, and RAY ALLEN, an individual, | |
| Defendants. | (Doc. 18) |

Plaintiff John King, by his attorneys Coleman & Horowitt, LLP, moved for Entry of Default Judgment against Defendant Emerald Energy, LLC. This Court reviewed the papers and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered the case record, applicable law, and all written materials submitted, this Court strikes Defendant Emerald Energy's prior "answer," and orders Emerald Energy to retain counsel and file its answer within fourteen days of this order. The Court admonishes Emerald Energy that, if it fails to secure counsel and file an appearance, this Court will recommend that the District Judge enter default judgment against it.

**II.** **Background**

On December 7, 2009, Plaintiff filed a complaint against Defendants, alleging breach of contract arising from Defendants' failure to pay certain promissory notes (Doc. 2). On January 7, 2010, Emerald Energy was served by personal service on its agent for service of process,

///

Defendant Ray Allen (Doc. 7).  Allen answered individually and as president of Emerald Energy on January 28, 2010 (Doc. 9).

Emerald Energy failed to retain counsel as required by Local Rule 83-183.  Plaintiff repeatedly advised Emerald Energy of the need to retain counsel, but did not formally raise the issue with this Court.  Because Emerald Energy failed to retain counsel, Plaintiff moved for default judgment against it on May 17, 2010 (Doc.18).  Defendant Emerald Energy has neither responded nor secured counsel to represent it in this action.

**II.     Discussion**

Defendant Emerald Energy is required to retain counsel.  A "corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993).  *See also D-Beam Limited Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." (*Internal citation and quotation marks omitted.))*.  Parties must plead and conduct their cases personally or through counsel as the rules of the courts provide.  28 U.S.C. § 1654.  Local Rule 83-183, governing parties appearing *in propria persona*, provides, in pertinent part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules.  All obligations placed on "counsel" by these Local Rules apply to individuals appearing *in propria persona*.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these rules.  A corporation or other entity may appear only by an attorney.

A president and sole shareholder may not represent a corporation in court but must retain appropriate licensed counsel.  *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993), *cert. denied*, 513 U.S. 826 (1994).  Accordingly, Allen may not represent Emerald Energy as its president and sole shareholder.

**III.    Conclusion and Order**

Because Plaintiff informally advised Emerald Energy of its need to retain counsel but took no formal action until moving for default judgment, this Court declines to recommend the entry of default judgment at this time.  Instead, this Court hereby ORDERS:

1. Defendants' joint answer, filed January 28, 2010 (Doc. 9), is hereby struck with regard to Defendant Emerald Energy only.
2. Defendant Emerald Energy shall secure representation of licensed counsel and shall appear in this action through counsel no later than fourteen days from the date of this Order.
3. If Defendant Emerald Energy fails to secure representation of licensed counsel and to appear in this action through that counsel within fourteen days of this Order, this Court shall recommend that the District Court enter default judgment against Defendant Emerald Energy.

IT IS SO ORDERED.

**Dated:   July 1, 2010**                    /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE