UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KING, an individual, | CASE NO. 1:09-cv-02128-LJO-SMS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT EMERALD ENERGY |
| EMERALD ENERGY, LLC, a Delaware company, and RAY ALLEN, an individual, | |
| Defendants. | (Doc. 27) |

Plaintiff John King, by his attorneys Coleman & Horowitt, LLP, moved for Entry of Default Judgment against Defendant Emerald Energy, LLC, contending that despite repeated requests, the principal of Emerald Energy had failed and refused to secure counsel to represent the corporation. *See* 28 U.S.C. § 1654; Local Rule 83-183. On July 1, 2010, this Court struck Defendant Emerald Energy's prior "answer," and ordered Emerald Energy to retain counsel and file its answer within fourteen days. The Court admonished Emerald Energy that, if it failed to secure counsel and file an appearance, this Court would recommend that the District Judge enter default judgment against it. Defendant Emerald Energy having failed to retain counsel and file an answer in this matter or to otherwise respond to this Court's order, this Court recommends that the District Court enter a default judgment against Defendant Emerald Energy.

II.     **Legal and Factual Findings**

    A.     **Failure to Retain Corporate Counsel**

Defendant Emerald Energy is required to retain counsel. A "corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506

1

U.S. 194, 202 (1993).  *See also D-Beam Limited Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." (*Internal citation and quotation marks omitted.*)).  Parties must plead and conduct their cases personally or through counsel as the rules of the courts provide.  28 U.S.C. § 1654.  Local Rule 83-183, governing parties appearing *in propria persona*, provides, in pertinent part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules.  All obligations placed on "counsel" by these Local Rules apply to individuals appearing *in propria persona*.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these rules.  A corporation or other entity may appear only by an attorney.

A president and sole shareholder may not represent a corporation in court but must retain appropriate licensed counsel.  *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993), *cert. denied*, 513 U.S. 826 (1994).  Accordingly, Allen may not represent Emerald Energy as its president and sole shareholder.

### B.  **Default Judgment**

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where 1) the defendant has been served with the claim; 2) the defendant's default has been entered for failure to appear; 3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and 4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect.  Fed. R. Civ. P. 55(b); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), *cert. denied*, 493 U.S. 858 (1989).  Factors that may be considered by courts in exercising discretion as to the entry or setting aside of a default judgment include (1) the nature and extent of the delay; (2) the possibility of prejudice to the plaintiff; (3) the merits of the plaintiff's substantive claim; (4) the sufficiency of the allegations to support judgment; (5) the amount in controversy; (6) a dispute concerning material facts; (7) excusable neglect; and (8) the strong policy favoring decisions on the merits.  *Alan Neuman Productions*, 862 F.2d at 1392;

///

*Draper v. Coombs*, 792 F.2d 915, 924-925 (9th Cir. 1986); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**Service.** On December 7, 2009, Plaintiff filed a complaint against Defendants, alleging breach of contract arising from Defendants' failure to pay certain promissory notes (Doc. 2). On January 7, 2010, Emerald Energy was served by personal service on its agent for service of process, Defendant Ray Allen (Doc. 7). Allen answered individually and as president of Emerald Energy on January 28, 2010 (Doc. 9).

**Failure to Appear by Attorney and Notice.** Because Emerald Energy failed to retain counsel, Plaintiff moved for default judgment against it on May 17, 2010 (Doc.18). Following Emerald Energy's failure to file a response to Plaintiff's motion, this Court vacated the hearing scheduled for June 25, 2010, and took the matter under submission on June 16, 2010 (Doc. 26). On July 1, 2010, this Court struck Defendant Emerald Energy's prior "answer," and ordered Emerald Energy to retain counsel and file its answer within fourteen days. The Court admonished Emerald Energy that, if it failed to secure counsel and file an appearance, this Court would recommend that the District Judge enter default judgment against it. Defendant Emerald Energy failed to retain counsel and to file an answer in this matter or to otherwise respond to this Court's order.

**Relief requested.** Fed. R. Civ. P. 55(d) and 54(c) require that a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Here, Plaintiff sought to collect principal and interest on four notes: (1) $35,000.00 plus interest at the rate of twelve percent (12 %) from April 10, 2008; (2) $34,279.00 plus interest at the rate of twelve percent (12 %) from May 23, 2008; (3) $30,000.00 plus interest at the rate of twelve percent (12 %) from June 2, 2008; and (4) $15,000.00 plus interest at the rate of twelve percent (12 %) from July 2, 2008 (Doc. 2). A copy of each note was appended to the complaint. In addition, the complaint sought attorneys' fees and costs (Doc. 1). In his declaration in support of the motion for default judgment, Plaintiff declared that attorneys' fees and costs totaled $3,650.00 (Doc. 25).

///

**III.     Recommendations**

Having fully considered applicable law, the record in this case, and Plaintiff's motion for default judgment, this Court hereby **RECOMMENDS** that:

1. Plaintiff's motion for default judgment be granted;
2. Judgment be entered in favor of Plaintiff John King and against Defendant Emerald Energy, LLC, for damages including (a) principal and interest due on all four notes: principal and interest on four notes: (1) $35,000.00 plus interest at the rate of twelve percent (12 %) from April 10, 2008; (2) $34,279.00 plus interest at the rate of twelve percent (12 %) from May 23, 2008; (3) $30,000.00 plus interest at the rate of twelve percent (12 %) from June 2, 2008; and (4) $15,000.00 plus interest at the rate of twelve percent (12 %) from July 2, 2008 (Doc. 2); (b) attorneys' fees and costs totaled $3,650.00; (c) prejudgment interest from December 7, 2009, the date of filing of the complaint through the entry of judgment; and post-judgment interest at the federal rate calculated pursuant to the provisions of 28 U.S.C. § 1961; and
3. Plaintiff be directed to prepare the form of judgment, including calculation of the damages recommended in paragraph 2.

These Findings and Recommendations will be submitted to the Honorable Lawrence J. O'Neill, United States District Judge, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, any party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Defendant Emerald Energy, LLC, is advised that, by failing to file objections within the specified time, it may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     July 19, 2010**                             /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE