IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KING,<br><br>    Plaintiff,<br><br>    v.<br><br>EMERALD ENERGY, LLC,<br>RAY ALLEN,<br><br>    Defendants.<br>_____/ | CASE NO. CV-F-09-2128 LJO SMS<br><br>**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION** |

By notice filed on September 2, 2010, Plaintiff John King moves for summary adjudication against defendant Ray Allen on the ground that he is the alter ego of defendant Emerald Energy, LLC. Defendant Ray Allen did not file an opposition. Plaintiff filed a reply brief on September 29, 2010. Pursuant to Local Rule 230(g), this motion was submitted on the pleadings without oral argument, and the hearing set for October 12, 2010 was VACATED. Having considered the moving and reply papers, as well as the Court's file, the Court issues the following order.

**FACTUAL BACKGROUND**

This diversity action involves a claim for recovery on four defaulted promissory notes. Plaintiff made four short-term loans to Defendant Emerald Energy, LLC between April and July 2008. The principal of those loans total $114,279.00. Each note, bearing interest at twelve percent per year, was to be repaid with interest no later than October 1, 2008.

Earlier in this litigation, Defendant Emerald Energy was defaulted. Emerald Energy had failed to retain an attorney to represent it, and Magistrate Judge Snyder issued Findings and Recommendations

striking Emerald's answer. This Court adopted the recommendation and struck Emerald's answer.

Plaintiff seeks to collect principal and interest on the four notes: (1) $35,000.00 plus interest at the rate of twelve percent (12 %) from April 10, 2008; (2) $34,279.00 plus interest at the rate of twelve percent (12 %) from May 23, 2008; (3) $30,000.00 plus interest at the rate of twelve percent (12 %) from June 2, 2008; and (4) $15,000.00 plus interest at the rate of twelve percent (12 %) from July 2, 2008 (Doc. 2, Complaint.) Defendant Allen signed each of the notes as President of Emerald Energy. A copy of each note was appended to the complaint. Defendant Emerald failed to repay the loans as promised.

Plaintiff argues that defendant Allen is the alter ego of Emerald Energy, and as such he should be personally liable for the debts of Emerald Energy. Plaintiff argues that Emerald Energy is a shell and sham for defendant Allen. Plaintiff presents as its evidentiary support defendant Allen's failure to respond to Requests for Admissions relating to his individual liability. By failing to respond to Requests for Admissions, defendant Allen admitted all of the facts for proof of alter ego.[1]

**ANALYSIS AND DISCUSSION**

**A.   Summary Judgment/Adjudication Standards**

F.R.Civ.P. 56(b) permits a "party against whom relief is sought" to seek "summary judgment on all or part of the claim." Summary judgment/adjudication is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment/adjudication as a matter of law. F.R.Civ.P. 56( c); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The purpose of summary judgment/adjudication is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.,* 475 U.S. at 586, n. 11, 106 S.Ct. 1348; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

On summary judgment/adjudication, a court must decide whether there is a "genuine issue as to any material fact," not weigh the evidence or determine the truth of contested matters. F.R.Civ.P. 56 ( c); *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997); *see Adickes v. S.H.*

---

[1] Plaintiff presents evidence that he propounded Requests for Admissions ("RFA") to defendant Allen, to which Allen never responded. Pursuant to Fed.R.Civ.P. 36, RFAs not responded to are deemed admitted. Rule 36 ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer . . .")

*Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598 (1970).

The court cannot grant the motion merely because a party has failed to oppose the motion or failed to submit a statement of disputed facts. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). Rule 56(e) requires the party against whom the motion is made to "set for specific facts showing that there is a genuine issue for trial." Absent such a showing, a properly supported motion for summary judgment may be granted if the court finds it appropriate. *Nelson, Robbins, et al v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988) (emphasis added). The moving party still has to meet its burden of proof. *In re Rogstad*, 126 F.3d 1224, 1227 (1997) (summary judgment is not an acceptable sanction for violation of a local rule.)

To carry its burden of production on summary judgment/adjudication, a moving party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "[T]o carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." *Nissan Fire*, 210 F.3d at 1102. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

"If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at 1102-1103; *see Adickes*, 398 U.S. at 160, 90 S.Ct. 1598. "If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Nissan Fire*, 210 F.3d at 1103. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire*, 210 F.3d at 1103; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make the showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

1   proof at trial.")

2   **B.     Proof of Alter Ego under California Law**

3   Plaintiff's alter ego claim must be analyzed pursuant to California law. *Matter of Christian and Porter Aluminum Co.*, 584 F.2d 326, 337 (9th Cir. 1977). In alter ego liability, the corporate entity may be disregarded (the corporate veil "pierced") and the shareholders held personally liable for corporate debts because of the manner in which they have dealt with the corporation. The California Supreme Court has held that the doctrine of alter ego liability has two general requirements: "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *Mesler v. Bragg Management Co.*, 39 Cal.3d 290, 294 (1985). Thus, a "unity of interest" and "resulting injustice" must exist such that the corporate form should be disregarded.

Generally, alter ego is applied where the shareholders:

- Fail to contribute capital, issue stock or otherwise complete formation of the corporation;
- Use corporate assets as their own (e.g., withdraw corporate funds for personal use without treating such withdrawals as salaries or dividends);
- Commingle corporate funds with their personal funds; or
- Fail to observe corporate formalities (e.g., fail to regularly elect directors, appoint officers, hold board meetings and keep minutes or file corporate tax returns).

*See Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal.App.2d 825, 838–840, 26 Cal.Rptr. 806, 813–815 (1962) (reviewing the factors); *and Mid-Century Ins. Co. v. Gardner*, 9 Cal.App.4th 1205, 1212–1213, 11 Cal.Rptr.2d 918, 922 & fn. 3 (1992) (cataloging factors).

Certain out-of-Circuit and out-of-California authorities hold that a court should not find alter ego in contract cases (as opposed to tort cases). *See, e.g., Cascade Energy & Metals Corp. v. Banks*, 896 F.2d 1557, 1577 (10th Cir. 1990). In contract cases, the creditor voluntarily chooses to deal with the corporate entity without extracting other protections like personal guarantees, and thus there is less injustice in holding the contracting party to their bargain. *See e.g., Matter of Sims* 994 F.2d 210, 218–219 (5th Cir. 1993). Here, however, in the absence of controlling case authority, the Court will not preclude alter ego based solely upon the contract claims at issue.

**C.     Elements of Alter Ego have been met by the Evidence**

Plaintiff presents evidence through the admitted Requests for Admission, that:

1.   Emerald Energy was created in and is a registered Delaware company with a principal place of business in Fresno, California where it is authorized to conduct business.
2.   Allen is the sole member and owner of Emerald Energy.
3.   Allen failed to observe the necessary corporate formalities of Emerald Energy.
4.   Allen failed to adequately capitalize Emerald Energy.
5.   Allen utilized Emerald Energy for his own benefit and business purposes and there is a unity of interest. (Doc. 33-2, Undisputed Facts, no. 1-5.)

Plaintiff presents undisputed evidence which satisfies the first element of the alter ego test. There is a unity of interest between Allen and Emerald Energy. Allen is the sole owner and member of Emerald Energy. Allen admits that he has used Emerald Energy for his personal benefit and that he has failed to adequately capitalize the company. Thus, no issue of fact exists as to whether there is a unity of interest between Allen and Emerald Energy. In light of these admitted facts, plaintiff has demonstrated a unity of interest between Allen and his company, Emerald Energy.[2]

Plaintiff presents undisputed evidence which satisfies the second element of the alter ego test. An inequitable result will occur if the acts are treated as those of the corporation alone. Here, if the promissory notes are treated solely as those of the corporation, Allen as the sole shareholder, will unfairly benefit. None of the notes have been repaid. No portion of the principle or interest have been repaid. "What the formula comes down to, once shorn of verbiage about control, instrumentality, agency, and corporate entity, is that liability is imposed to reach an equitable result." *Mesler*, 39 Cal.3d at 301. Accordingly, the Court finds an injustice will result from the facts in this case if the corporate form is observed. Accordingly, there is no issue of fact that Allen is the alter ego of Emerald Energy.

**D.     Damages**

Plaintiff has the burden of proving damages. The moving party has the burden of production as to each material fact upon which it has the burden of persuasion at trial. *Southern Calif. Gas Co. v. City*

---

[2] While the admissions and facts presented are conclusory, and could be subject to dispute based upon more specific factual presentation, the Court is not confronted with such a dispute because the motion is unopposed.

*of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003).  Where plaintiff is the moving party, plaintiff's burden is to prove the element of damages.  "When, as is the case here, the moving party is a plaintiff, he or she must adduce admissible evidence on all matters as to which he or she bears the burden of proof." *Grimmway Enterprises, Inc. v. PIC Fresh Global, Inc.*, 548 F.Supp.2d 840, 845 (E.D.Cal. 2008).  "If the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986).

Here, plaintiff has presented undisputed evidence as to (1) the amount of each note and the interest percentage (12 %), (2) the daily interest amount, (3) the number of days each note is delinquent, and (4) the interest due:

| Date of Note | Note Amount | Daily Interest | Days Delinquent | Interest Due 10/12/10 |
| --- | --- | --- | --- | --- |
| April 10, 2008 | $35,000.00 | $11.51 | 917 | $10,554.67 |
| May 23, 2008 | $34,279.00 | $11.27 | 872 | $9,827.44 |
| June 2, 2008 | $30,000.00 | $9.86 | 862 | $8,499.32 |
| July 2, 2008 | $15,000.00 | $4.93 | 832 | $4,101.76 |
| Total | $114,279.00 | | | $32,983.19 |

The outstanding principle amount is $114,279.00 and outstanding interest is $32,983,19.  Accordingly, there is no issue of fact that the total amount outstanding for principle and interest is $147,262.19.

**E.     Attorney's Fees and Costs**

Plaintiff asks for an award of attorneys fees and costs.  Each promissory note states that in the event of enforcement, the holder may recover attorneys fees:

> "Borrower, . . . hereby agrees that if this Notes is placed in the hands of an attorney for collection or to defend or enforce any of the rights of Holder, then Borrower shall be obligated to pay, in addition to any and all costs and disbursements otherwise allowed, all costs and expenses, including, but not limited to reasonable attorneys' fees incurred by Holder in connection herewith, whether or not suit is filed." (Doc. 1, Complaint Exh. A, B, C, D.)

State law governs the construction of a contract for recovery of attorney fees.  In an action to enforce a contract authorizing an award of fees and costs to one party, the party "prevailing on the contract" is entitled to reasonable fees. See Cal.Civ.C. § 1717.  Contracts providing for "reasonable" expenses and attorney fees rely upon the court to determine the amount. Civ.C. § 1717(reasonable attorney fees "shall be fixed by the court"); *PLCM Group, Inc. v. Drexler*,22 Cal.4th 1084, 1094–1095, 95 CR2d 198, 206 (2000).

Plaintiff seeks an award of attorneys' fees in the amount of $20,472.50, based upon an itemization of fees.  (See Doc. 33, Rema Koligian Decl.).

| | | | |
|---|---|---|---|
| Philip Norgaard | 51.45 hours | $260/hour | $13,637.00 |
| Rema Koligian | 13.9 hours | $235/hour | $ 3,266.50 |
| Susan Hamilton (paralegal) | .6 hours | $115/hour | $     69.00 |
| Total | | | $20,472.50 |

These fees include drafting the complaint, research, discovery and law and motion and an 8 hour mediation in Sacramento.  Accordingly, the Court finds these fees and rates reasonable in light of the work involved in this case.

In addition, plaintiff seeks an award of costs.  Fed.R.Civ.P. 54(d)(1) controls the assessment of costs in diversity cases. *Gobbo Farms & Orchards v. Poole Chem. Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996).  Unless otherwise authorized by statute or contract, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920.  Here, the parties' contract provides for an award of "all costs and expenses."  Thus, based on the broad language allowing all costs, the Court will award the requested costs.

Plaintiff requests the following costs: (1) Filing Fee for Complaint $350.00, (2) Service of Process $499.00, and (3) Legal Research-Westlaw $602.77.  Therefore, plaintiff will be awarded Total Costs of $ 1,451.77.

/////

/////

/////

# **CONCLUSION**

For the foregoing reasons, plaintiff's motion for summary judgment is GRANTED. Plaintiff will be awarded judgment in the amount of $169,186.46, which includes the principal of $114,279.00; interest in the amount of $32,983.19 through October 12, 2010, and accruing thereafter at the daily rate of $37.57; costs in the amount of $1,451.77 and attorney's fees in the sum of $20,472.50, for a total judgment of $169,186.46.

IT IS SO ORDERED.

**Dated:   October 4, 2010**                                           **/s/ Lawrence J. O'Neill**
                                                                                      UNITED STATES DISTRICT JUDGE