IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KING, | CASE NO. CV F 09-2128 LJO SMS |
| Plaintiff, | **FINDINGS OF FACT AND CONCLUSIONS OF LAW RE CONTEMPT** |
| vs. | |
| EMERALD ENERGY, LLC, RAY ALLEN, | |
| Defendants. / | |

By certification on May 12, 2011 and July 1, 2011, and by stipulation for a continuance filed on July 26, 2011, this matter came on for hearing pursuant to the Certification re Contempt, issued by Magistrate Judge Sandra M. Snyder dated July 1, 2011. The Certification of contempt and notices of continuances were served on defendant Ray Allen at 6749 N. Knoll Avenue, Fresno, CA 93711. Plaintiff and Judgment Creditor John King appeared at the hearing by counsel Rema Koligian. Defendant and Judgment Debtor Ray Allen also appeared at the hearing. Having considered the Affidavit in support of the Certification for Contempt of Court (Doc. 57), the oral argument and evidence presented at the hearing, as well as the Court's file, the Court issues the following Findings of Fact and Conclusions of Law and Order.

The Court finds that:

1. John King filed suit on December 7, 2009 against Ray Allen and Emerald Energy LLC, for breach of contract. (Doc. 1.)

2. John King obtained judgment against Ray Allen on October 4, 2010, in the principal sum of $114,279.00, interest in the amount of $32,983.19 as of October 12, 2010, and accruing thereafter at the daily rate of $37.53, costs in the sum of $1,451.77 and attorney's fees in the sum of $20,472.50. (Doc. 41.)

3. John King, as judgment creditor, filed an application for appearance and examination and an order requiring Ray Allen, as judgment debtor, to appear and furnish information to aid in the enforcement of the money judgment pursuant to Fed.R.Civ.P. 69. John King also served a subpoena requesting various documents. The order was signed on January 6, 2011 by Magistrate Judge Sandra M. Snyder setting the first examination for March 18, 2011. Judgment Creditor John King personally served the order of examination and subpoena on judgment debtor Ray Allen on February 27, 2011. (Doc. 46.)

4. Ray Allen appeared at the examination but did not bring all of the documents requested in the subpoena.

5. At the examination, Ray Allen represented that he had various upcoming business deals which would produce sufficient funds to satisfy the King judgment.

6. At the request of judgment creditor John King's counsel on the record, the examination was continued until April 29, 2011 for the parties to attempt to settle their dispute. Between the March 18, 2011 debtor exam and the next scheduled exam, April 29, 2011, judgment creditor attempted to identify information about and status of the funds which would satisfy the judgment. No information was provided and payment of the judgment was not made.

7. At the April 29, 2011 continued examination, judgment debtor Ray Allen again claimed he did not have money and possibly an upcoming "Las Vegas" business deal would produce sufficient funds. The Court continued the examination to May 6, 2011 for the parties to explore resolution. The examination was continued further to May 12, 2011, due to the Court's press of business.

8. At the continued May 12, 2011 debtor examination, judgment debtor Ray Allen attended the examination, but admitted that he did not pay any portion of the judgment as promised and had not produced or brought with him the required documents. He stated that the upcoming business deal would close as of June 30, 2011, and it would produce money to pay the judgment. The debtor's examination was continued to July 1, 2011.

9. No payment was made on June 30, 2011.

10. At the July 1, 2011 debtor examination, judgment debtor Ray Allen did not appear. Ray Allen's wife, Diane Allen, attended in his absence and stated Ray Allen was in Vietnam on business.

Judgment Debtor Ray Allen had notice of the debtor examination, but failed to appear and comply with the order.

11. On July 1, 2011, Judge Snyder issued the Certification for Contempt of Court *sua sponte* for failure to abide by Court orders.

12. No response to the Certification re Contempt has been filed by Ray Allen.

13. Judgment Debtor Ray Allen has failed to show cause why he should not be adjudged in contempt of the Court, due to his failure to appear at the examination and to produce documents for examination and copying on July 1, 2011, pursuant this Court's Orders and issued subpoenas.

14. The failure of Judgment Debtor Ray Allen to appear for examination on July 1, 2011, pursuant to the Court's order that he appear, and pursuant to subpoenas duly served, was willful disobedience of a Court order.

15. Judgment Creditor John King has reasonably incurred the sum total of $8,082.50 in attorneys' fees for 43.7 hours (at counsel's regular hourly rate, which the Court finds to be reasonable for purposes of this matter), which involved attending the three examinations, and attempting to gain compliance with the subpoena and judgment.

On the basis of the foregoing Findings, the Court HEREBY CONCLUDES that Judgment Debtor Ray Allen should be and hereby is held in civil contempt of this Court, under and pursuant to 28 U.S.C. 636(e)(6)(B)(iii), Cal. Code Civ.Proc.§ 708.110(e), Local Rule 110 of this Court, and as an exercise of the inherent power of the Court to impose sanctions including, inter alia, an award of attorneys' fees to Plaintiff. Cal.Code Civ. Proc. § 1218(a).

NOW, THEREFORE, on the basis of the foregoing Findings and Conclusions, and the record of this action,

IT IS ORDERED that Judgment Debtor Ray Allen pay to Judgment Creditor John King as and for monetary sanctions including attorneys' fees incurred in connection with the proceedings conducted in this matter on March 18, 2011, April 29, 2011, May 12, 2011 and July 1, 2011, the sum total of $8,082.50 in attorneys' fees, such payment to be made to Judgment Creditor's counsel, Coleman & Horowitt, LLP on or before November 15, 2011.

//////

1 | Judgment Creditor is directed to personally serve this order on Judgment Debtor Ray Allen no
2 | later than five (5) days from the date of this order and file proof of such service.
3 | IT IS SO ORDERED.
4 | **Dated:   September 29, 2011**              /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE